FILED

2022 Feb-17  AM 08:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM OTIS JAMES BROWN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | Civil Action Number |
| **v.** ) | **2:19-cv-08034-AKK** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION

William Otis James Brown was sentenced by this court to 151 months in prison after pleading guilty to bank robbery. Doc. 1 at 1. Now before the court is Brown's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See id.* For the reasons below, Brown's petition is due to be denied.

## I.

A grand jury charged Brown with one count of violating 18 U.S.C. § 2113(a), which prohibits the taking, "by force and violence, or by intimidation," of money from a federally-insured bank. Crim. doc. 1 at 1-2.[1] Specifically, the indictment alleged that Brown took $1,268 from a Woodforest National Bank branch in Jefferson County. *Id.* Brown pleaded guilty to this charge pursuant to a blind plea,

---

[1] Crim. doc. refers to the documents in Brown's underlying criminal case, *United States v. William Otis James Brown*, case no. 2:16-cr-00167-AKK-SGC.

*see* crim. doc. 25, and the court subsequently sentenced him to 151 months in prison for this offense, *see* crim. doc. 14.  After the Eleventh Circuit affirmed Brown's conviction, *see* crim. doc. 30, he filed the instant § 2255 petition, doc. 1.  Brown has since filed a memorandum in support of his petition, doc. 2, an affidavit in support of his memorandum, doc. 8, and an amended memorandum, doc. 9.

## II.

Section 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  If a petitioner's challenge to his conviction is rejected on direct appeal, he cannot re-litigate the issues raised in his appeal in a subsequent § 2255 petition. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).  Moreover, if a petitioner fails to raise an available challenge to a criminal conviction or sentence on direct appeal, he is procedurally barred from raising it in a § 2255 proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).  Claims of ineffective assistance of counsel are not subject to procedural default.  *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  Ultimately, if it is clear from the motion and the relevant portions of the record that the petitioner is not entitled to relief under § 2255, the court may summarily dismiss the petition without ordering the United States to respond.  *See* Rule 4, Rules Governing Section 2255 Proceedings (2019); *see also*

*Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980)[2] (affirming district court's summary dismissal of § 2255 motion where record showed that petitioner was not entitled to relief).

## III.

Brown raises two broad bases for relief: (1) ineffective assistance of counsel at the plea bargaining and sentencing stage; and (2) a due process violation at sentencing. *See* docs. 1, 2, 8, 9.

## A.

To succeed on an ineffective assistance claim, a petitioner must show that "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)). "A habeas petitioner claiming ineffective assistance of counsel must carry his burden on both *Strickland* prongs, and a court need not address both prongs if the defendant has made an insufficient showing on one." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014). Moreover, on matters of trial strategy, a petitioner bears a particularly

---

[2] Fifth Circuit decisions issued before October 1, 1981, are binding precedent within the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

heavy burden in proving ineffective assistance of counsel and must show that no reasonable lawyer would have pursued the challenged strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Because conclusory allegations of ineffectiveness are insufficient, *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992), "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

## 1.

Brown first argues that counsel provided ineffective assistance by failing to raise three specific arguments in his defense: that the arresting officer violated Brown's Fourth Amendment rights by (1) arresting Brown outside of the officer's Birmingham jurisdiction, (2) entering a public restroom without a warrant to apprehend Brown, and (3) searching Brown's clothing after arresting him. Docs. 1 at 9-10; 2 at 3-5; 9 at 2-6. Had counsel informed him of these Fourth Amendment violations, Brown contends, he would not have accepted the blind plea or would have pursued a motion to suppress. *Id.*

"[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). Probable cause exists "when the facts and circumstances within the officer's knowledge, of which he or she has reasonably

trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense." *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998) (internal quotation marks omitted).  As long as an arrest is made pursuant to probable cause, an officer does not violate the Fourth Amendment by making that arrest outside his jurisdiction, regardless of any state-law limitations on his arresting authority.  *United States v. Goings*, 573 F.3d 1141, 1142-43 (11th Cir. 2009).  *See also Virginia v. Moore*, 553 U.S. 164, 176 (2008) ("[W]hile States are free to regulate [warrantless] arrests however they desire, state restrictions do not alter the Fourth Amendment's protections.").  Moreover, if there is a risk that a suspect will pose a threat to the public or will be lost absent immediate apprehension, an officer in "hot pursuit" of that suspect may conduct a warrantless search and arrest, even if that search involves entering a private space. *United States v. Forker*, 928 F.2d 365, 370 (11th Cir. 1991).  And after making a lawful arrest, an officer does not violate the Fourth Amendment by searching the suspect.  *United States v. Goddard*, 312 F.3d 1360, 1364 (11th Cir. 2002).

In Brown's case, the bank teller gave him money with a GPS tracker inside, and the arresting officer used this GPS signal to track Brown to a gas station.  Crim. doc. 25 at 15-17.  Once the officer arrived, a clerk told him that a man matching Brown's description was inside the restroom, and the officer then entered the restroom and arrested Brown.  *Id*.  Under these facts – which Brown did not dispute,

*see id*. at 17-18 – the officer had probable cause to arrest Brown, and that the officer left his jurisdiction to make this arrest does not render it violative of the Fourth Amendment.  *Moore*, 553 U.S. at 176; *Goings*, 573 F.3d at 1142-43.  Additionally, the circumstances were sufficiently exigent to justify the officer's entry into the restroom, and because Brown's arrest was lawful, the subsequent search of Brown was constitutional.  *Forker*, 928 F.2d at 370; *Goddard*, 312 F.3d at 1364.  Therefore, even if Brown could show that his counsel's performance in failing to raise these arguments to Brown or to the court was so deficient as to meet *Strickland*'s performance prong, Brown cannot show that but for this failure, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 687-88, 694.

## 2.

Brown also seeks relief based on counsel's failure to move the court to resolve a factual discrepancy at Brown's change of plea hearing.  Docs. 1 at 10; 2 at 5; 9 at 6.  At this hearing, the government proffered that it was prepared to show several facts at trial, including that the bank teller "saw Brown reach inside of [his] jacket, believing he might have a gun."  Crim. doc. 25 at 15-17.  When the court asked Brown if the government's facts were correct, Brown challenged "[o]nly the part about me reaching into my jacket.  Because my arms [were] always on the counter at the Woodforest Bank, so I never reached into my jacket and threatened."  *Id*. at 17-18.  The court followed up with Brown about this point – "[a]gain, excluding the

part about you reaching into your jacket, did you do the things that [the government] just said that you did?" – and Brown confirmed both that all the other facts were correct and that he knew he was breaking the law at the time. *Id*. at 18.

Brown claims that his counsel should have pursued this discrepancy further, and he contends that had counsel done so, Brown may have been able to negotiate his plea agreement down to a lesser offense by showing that his actions did not meet the intimidation element of § 2113(a).  Docs. 1 at 10; 2 at 5; 9 at 6.  But whether Brown reached into his jacket or not is inconsequential.  As the Eleventh Circuit explained in affirming his sentence:

> [Brown] admitted that he whispered to the teller to give him the money, that he repeated the demand when the teller did not immediately comply, and that he directed the teller, "Don't do that," when she attempted to hit the alarm button. Viewed objectively, an ordinary person in the teller's shoes reasonably could infer a threat of bodily harm from [Brown's] actions. . . . Thus, even under a *de novo* standard, the facts admitted by Brown would seem to constitute intimidation.

Crim. doc. 30-1 at 8 (internal citations omitted).  Thus, even if Brown did not reach into his pocket, the remainder of the facts he admitted to form a sufficient basis for his conviction.  Brown has therefore failed to satisfy *Strickland*'s prejudice prong as to this contention.

### 3.

Finally, Brown argues that his counsel failed to conduct an adequate pretrial investigation of his case by (1) failing to produce video recordings of the robbery to

Brown prior to his plea, and (2) failing to investigate Brown's claim that he was compelled to commit the charged offense by his prescription use of Abilify. Docs. 1 at 10-11; 2 at 5-8; 8 at 1; 9 at 6-8. As to Brown's first contention, for the reasons mentioned above, whether the video recordings would have confirmed Brown's narrative that he did not reach into his jacket is immaterial. Defense counsel's alleged failure to show Brown these recordings thus did not prejudice him. And as to Brown's purported Abilify defense, Brown raised this defense with the court during his sentencing, *see* crim. doc. 26 at 8-9, but counsel explained that he investigated this proposed defense and decided it was not meritorious, *see id.* at 11. Specifically, counsel consulted with an independent psychiatrist about Brown's use of Abilify, conducted independent research, discussed his investigation with Brown, and ultimately determined that Brown's Abilify use was not "appropriate mitigation to assist the court in this case." *See* doc. 2 at 9; crim. doc. 26 at 11. Brown has failed to show that counsel's strategy in investigating his proposed Abilify defense was unreasonable, and his related claim of ineffective assistance therefore fails. *Zant*, 13 F.3d at 386-87.

## B.

Brown also argues that his sentence should be vacated because it was enhanced by a fact – that Brown reached into his jacket – that he had not stipulated to. Docs. 1 at 11; 2 at 8; 9 at 9. Brown raised this argument on appeal and the

8

Eleventh Circuit rejected it.  *See* crim. doc. 30-1.  Brown is thus foreclosed from re-litigating this issue here.  *Nyhuis*, 211 F.3d at 1343.  But even if this contention was not procedurally barred, again, for the reasons discussed previously, whether Brown reached into his jacket was irrelevant to whether he violated § 2113(a) and to his ultimate sentence.  This argument thus does not form a basis for § 2255 relief.

## IV.

Accordingly, Brown's motion to vacate, set aside, or correct his sentence under § 2255, doc. 1, is due to be denied in a separate order accompanying this memorandum opinion.

**DONE** the 17th day of February, 2022.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE